OPINION *Page 2 
{¶ 1} Appellant appeals the "Tier III Sex Offender" classification entered in the Coshocton County Common Pleas Court.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On November 19, 2007, Defendant-Appellant was arraigned upon a Bill of Information charging him with three counts of Sexual Battery, in violation of R.C. 2907.03(A)(5), a third degree felony. At that time Appellant entered pleas of guilty to said charges.
 {¶ 4} On January 28, 2008, following a pre-sentence investigation, Appellant was sentenced to a definite term of incarceration of two years on each of the three counts, to be served concurrently. Said Sentencing Entry was journalized on February 1, 2008.
 {¶ 5} At the sentencing hearing, the trial court classified Appellant as a "Tier III Sex Offender" pursuant to R.C. Chapter 2950.
 {¶ 6} It is from this classification that Appellant now appeals, assigning the following error:
 ASSIGNMENT OF ERROR {¶ 7} "I. THE RETROACTIVE APPLICATION OF SENATE BILL 10 VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION AND THE RETROACTIVITY CLAUSE OF SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION." *Page 3 
 I. {¶ 8} The General Assembly recently enacted Senate Bill 10, which amended numerous sections of Ohio's Revised Code, including, inter alia, R.C. Chapter 2950, which contains the sexual offender classification system in Ohio.
 {¶ 9} Senate Bill 10 modified R.C. Chapter 2950 so that it would be in conformity with the federal legislation, the Adam Walsh Act. Such modification was accomplished by amending certain statutes, repealing others, renumbering a few sections, and adding new sections. The result is that a large portion of the chapter changed. Those changes, however, did not all become effective on the same date. Portions of Senate Bill 10 became effective on July 1, 2007, while other portions did not become effective until January 1, 2008.
 {¶ 10} The changes made to R.C. Chapter 2950 by Senate Bill 10 altered the sexual offender classification system. Under pre-Senate Bill 10, depending on the crime committed and the findings by the trial court at the sexual classification hearing, an offender who committed a sexually oriented offense that was not registry exempt could be labeled a sexually oriented offender, a habitual sex offender, or a sexual predator. Each classification required registration and notification requirements. For instance, for a sexually oriented offender, the registration requirement was once annually for 10 years and there was no community notification requirement; for a habitual sex offender the registration requirement was for every 180 days for 20 years and the community notification could occur every 180 days for 20 years; and for a sexual predator, the registration duty was every 90 days for life and the community notification could occur every 90 days for life. *Page 4 
 {¶ 11} Now, under Senate Bill 10, those labels are no longer used and the registration requirements are longer in duration. An offender who commits a sexually oriented offense is found to be either a "sex offender" or a "child-victim offender". Depending on what crime the offender committed, they are placed in Tier I, Tier II or Tier III. The tiers dictate what the registration and notification requirements are. Tier I is the lowest tier. It requires registration once annually for 15 years, but there are no community notification requirements. Tier II requires registration every 180 days for 25 years, but it also has no community notification requirements. Tier III, the highest tier and similar to the old sexual predator finding, requires registration every 90 days for life and the community notification may occur every 90 days for life.
 {¶ 12} We now turn to Appellant's argument that Senate Bill 10 violates the prohibition against ex post facto laws and the prohibition against retroactive laws.
 {¶ 13} In reviewing the constitutionality of an enactment of the General Assembly, we note that in State v. Cook, 83 Ohio St.3d 404, 409,700 N.E.2d 570, 1998-Ohio-291, the Ohio Supreme Court has previously held:
 {¶ 14} "An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." State ex rel.Dickman v. Defenbacher (1955), 164 Ohio St. 142, 57 O.O. 134,128 N.E.2d 59, paragraph one of the syllabus. "A regularly enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor of its constitutionality." Id. at 147, 57 O.O. at 137, 128 N.E.2d at 63. "That presumption of validity of such legislative enactment cannot be overcome unless it appear[s] that there *Page 5 
is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution." Xenia v.Schmidt (1920), 101 Ohio St. 437, 130 N.E. 24, paragraph two of the syllabus; State ex rel. Durbin v. Smith (1921), 102 Ohio St. 591, 600,133 N.E. 457, 460; Dickman, 164 Ohio St. at 147, 57 O.O. at 137, 128 N.E.2d at 63." Id.
 {¶ 15} In State v. Cook, the Ohio Supreme Court addressed whether Ohio's then newly enacted sex offender statutes violated the retroactivity clause of the Ohio Constitution or the ex post facto clause of the United States Constitution as applied to previously convicted defendants. The Court found that they did not.
 {¶ 16} To determine whether the Cook decision is controlling here, we first address how Senate Bill 10 changed the sex offender registration statutes. Perhaps the most fundamental changes occur in R.C. § 2950.01
which both renames Ohio's sex offender classifications and imposes different criteria for the imposition of the sex offender label.
 {¶ 17} Prior to the imposition of Senate Bill 10, a sentencing court was required to determine whether sex offenders fell into one of the following classifications: (1) sexually oriented offender; (2) habitual sex offender; or (3) sexual predator. R.C. § 2950.09; State v.Cook, 83 Ohio St.3d at 407. When the trial court made the determination that an offender should be classified as a sexual predator, the judge was to consider all relevant factors, including, but not limited to, all of the following enumerated in R.C. § 2950.09(B)(3):
 {¶ 18} "(a) The offender's . . . age; *Page 6 
 {¶ 19} "(b) The offender's . . . prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 20} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed . . .;
 {¶ 21} "(d) Whether the sexually oriented offense for which sentence is to be imposed . . . involved multiple victims;
 {¶ 22} "(e) Whether the offender . . . used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 23} "(f) If the offender . . . previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender . . . completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender . . . participated in available programs for sexual offenders;
 {¶ 24} "(g) Any mental illness or mental disability of the offender . . .;
 {¶ 25} "(h) The nature of the offender's . . . sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 26} "(i) Whether the offender . . . during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty; *Page 7 
 {¶ 27} "(j) Any additional behavioral characteristics that contribute to the offender's . . . conduct." R.C. § 2950.09(B)(3)(a)-(j).
 {¶ 28} "In classifying an offender as a sexual predator, the Revised Code requires the trial court to make this finding only when the evidence is clear and convincing that the offender is a sexual predator." State v. Naugle, 3rd Dist. No. 2-03-32, 2004-Ohio-1944, citing R.C. § 2950.09(B)(4).
 {¶ 29} Senate Bill 10 abolished the prior classifications contained in R.C. § 2950.01, substituting new classifications. The new provisions leave little, if any, discretion in classification to the trial court sentencing the offender. R.C. § 2950.01 (F), (G). The new law severely limits the discretion of the trial court in imposing a certain classification on offenders. Instead, the new law requires trial courts to merely place the offender into a category based on their offense.
 {¶ 30} In Cook, supra, the Ohio Supreme Court found that the sex offender registration statutes were remedial in nature and therefore, did not violate the ban on retroactive laws as set forth in Section 28, Article II of the Ohio Constitution. The court reasoned as follows:
 {¶ 31} "This court has held that where no vested right has been created, "a later enactment will not burden or attach a new disability to a past transaction or consideration in the constitutional sense, unless the past transaction or consideration * * * created at least a reasonable expectation of finality." State ex rel. Matz v. Brown (1988),37 Ohio St.3d 279, 281, 525 N.E.2d 805, 807-808.
 {¶ 32} * * * *Page 8 
 {¶ 33} "Under Van Fossen and Matz, we conclude that the registration and address verification provisions of R.C. Chapter 2950 are de minimis procedural requirements that are necessary to achieve the goals of R.C. Chapter 2950. As stated by the New Jersey Supreme Court in Doe v.Poritz (1995), 142 N.J. 1, 662 A.2d 367, "if the law did not apply to previously-convicted offenders, notification would provide practically no protection now, and relatively little in the near future. The Legislature reached the irresistible conclusion that if community safety was its objective, there was no justification for applying these laws only to those who offend or who are convicted in the future, and not applying them to previously-convicted offenders. Had the Legislature chosen to exempt previously-convicted offenders, the notification provision of the law would have provided absolutely no protection whatsoever on the day it became law, for it would have applied to no one. The Legislature concluded that there was no justification for protecting only children of the future from the risk of reoffense by future offenders, and not today's children from the risk of reoffense by previously-convicted offenders, when the nature of those risks were identical and presently arose almost exclusively from previously-convicted offenders, their numbers now and for a fair number of years obviously vastly exceeding the number of those who, after passage of these laws, will be convicted and released and only then, for the first time, potentially subject to community notification." Id. at 13-14, 662 A.2d at 373.
 {¶ 34} "Consequently, we find that the registration and verification provisions are remedial in nature and do not violate the ban on retroactive laws set forth in Section 28, Article II of the Ohio Constitution." *Page 9 
 {¶ 35} The Cook court also determined that Ohio's sex offender statutes did not violate the ex post facto clause of the United States Constitution, finding, after significant analysis, as follows:
 {¶ 36} "R.C. Chapter 2950 serves the solely remedial purpose of protecting the public. Thus, there is no clear proof that R.C. Chapter 2950 is punitive in its effect. We do not deny that the notification requirements may be a detriment to registrants, but the sting of public censure does not convert a remedial statute into a punitive one. Kurth Ranch, 511 U.S. at 777, 114 S.Ct. at 1945, 128 L.Ed.2d at 777, fn. 14. Accordingly, we find that the registration and notification provisions of R.C. Chapter 2950 do not violate the Ex Post Facto Clause because its provisions serve the remedial purpose of protecting the public." Id.
 {¶ 37} Based on the foregoing, we find that reasoning set forth inCook is applicable to the new version of R.C. Chapter 2950 and that the new classification scheme, registration and notification requirements contained therein do not violate the ex post facto clause of the United States Constitution or the prohibition against retroactive laws contained in Section 29, Article II of the Ohio Constitution. *Page 10 
 {¶ 38} Appellant's sole assignment of error is overruled.
 {¶ 39} For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is hereby affirmed.
 Wise, J., Hoffman, P.J., and Edwards, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1