JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Thomas Dunlap, appeals from the trial court's judgment, rendered after a jury verdict, finding him guilty of two counts of gross sexual imposition involving victims under the age of 13 at the time of the offenses, in violation of R.C. 2907.05(A)(4), and one count of disseminating obscene matter to juveniles, in violation of R.C. 2907.31. Dunlap asserts four assignments of error.
 {¶ 2} Dunlap first contends that the journal entry of sentencing did not correctly reflect his convictions. This assignment of error is overruled as moot, as the docket indicates the trial court corrected the journal entry to properly reflect the convictions.
 {¶ 3} Next, Dunlap argues that counts one and three of the indictment, which charged him with gross sexual imposition in violation of R.C. 2907.05(A)(4), were defective, because they did not include the mens rea element of recklessness. Dunlap bases this argument on State v.Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, in which the Ohio Supreme Court found an indictment that failed to include the mens rea of the offense, one of the essential elements of the crime, to be defective, and held that such error may be raised for the first time on appeal. *Page 4 
 {¶ 4} With respect to what mental state must be included in the indictment, the Supreme Court concluded in Colon that recklessness is the "catchall culpable mental state for criminal statutes that fail to mention any degree of culpability * * *." Id., ¶ 13. The court reasoned, "the mental state of the offender is a part of every criminal offense in Ohio, except those that plainly impose strict liability. * * * `[W]hen the [statutory] section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense." Id. at ¶¶ 11-12, quoting State v. Lozier, 101 Ohio St.3d 161,2004-Ohio-732, ¶ 19.
 {¶ 5} In light of Colon, Dunlap argues that the indictment in his case was defective, because it did not include recklessness as the mens rea element. However, this court, and others, have repeatedly held that R.C. 2907.05, gross sexual imposition involving a victim under the age of 13, is a strict liability offense and requires no precise culpable state of mind. All that is required is a showing of the proscribed sexual contact. State v. Aiken (June 10, 1993), 8th Dist. No. 64627; State v. Laws (Dec. 22, 1998), 10th Dist. No. 98AP-306.
 {¶ 6} The Ohio Supreme Court expressly stated in Colon that the mens rea element need not be included in an indictment charging a strict liability *Page 5 
offense. Accordingly, Dunlap's argument has no merit and his second assignment of error is overruled.
 {¶ 7} Dunlap next raises two constitutional challenges to Senate Bill 10. The Ohio General Assembly recently enacted Senate Bill 10, which amended numerous sections of Ohio's Revised Code, including R.C. Chapter 2950, which contains the sexual offender classification system used in Ohio. Senate Bill 10 modified R.C. Chapter 2950 so that it would be in conformity with the federal Adam Walsh Child Protection and Safety Act (the "Adam Walsh Act.") Under Senate Bill 10, labels such as sexually oriented offender, habitual sex offender, or sexual predator are no longer used. An offender who commits a sexually oriented offense is found to be either a "sex offender" or a "child-victim offender" and depending on the crime, is placed in Tier I, Tier II, or Tier III, which dictate the registration and notification requirements.
 {¶ 8} At sentencing, the trial court informed Dunlap that he would be subject to the notification and registration requirements set forth in Senate Bill 10. In his third and fourth assignments of error, Dunlap argues that Senate Bill 10 (which he calls "Ohio's Adam Walsh Act") violates the ex post facto clause of the United States Constitution and the retroactivity clause of Section 28, Article 11 of the Ohio Constitution. *Page 6 
 {¶ 9} We reject Dunlap's ex post facto challenge on the basis of this court's holding in State v. Holloman-Cross, 8th Dist. No. 90351, 2008-Ohio-2189, in which this court considered and rejected the same argument.
 {¶ 10} We likewise reject Dunlap's retroactivity challenge. InState v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, the Ohio Supreme Court addressed whether R.C. Chapter 2950 et seq., Ohio's sex offender statutes prior to Senate Bill 10, violated the retroactivity clause of the Ohio Constitution. The court reasoned that the registration and address verification provisions of R.C. Chapter 2950 were de minimis procedural requirements that were necessary to achieve the goals of R.C. Chapter 2950. The court explained that if the law did not apply to previously-convicted offenders, "`notification would provide practically no protection now, and relatively little in the near future. * * * Had the Legislature chosen to exempt previously-convicted offenders, the notification provision of the law would have provided absolutely no protection whatsoever on the day it became law, for it would have applied to no one. The Legislature concluded that there was no justification for protecting only children of the future from the risk of reoffense by future offenders, and not today's children from the risk of reoffense by previously-convicted offenders, when the nature of those risks were identical and presently arose almost exclusively from previously-convicted offenders * * *.'" Id., at 412-413, quoting Doe v.Portiz (1995), 142 N.J. 1, 662 A.2d 367. Consequently, the Ohio Supreme Court found that the provisions of *Page 7 
R.C. Chapter 2950 were remedial in nature and did not violate the ban on retroactive laws set forth in Section 28, Article II of the Ohio Constitution.
 {¶ 11} Although there are some differences between R.C. Chapter 2950
and Senate Bill 10, we are not persuaded that the Ohio Supreme Court would view the retroactivity issue as applied to R.C. Chapter 2950 in the Cook decision any differently with regard to the provisions of Senate Bill 10. Accordingly, applying the reasoning set forth inCook, we hold that Senate Bill 10 does not violate the retroactivity clause of Ohio's Constitution. Accord State v. Byers, 7th
Dist. No. 07 CO 39, 2008-Ohio-5051; State v. Gooding, 5th
Dist. No. 08 CA 5, 2008-Ohio-5954; In re Smith, 3rd Dist. No. 1-07-58, 2008-Ohio-3234; In re Gant, 3rd Dist. No. 1-08-11, 2008-Ohio-5198.
 {¶ 12} Appellant's third and fourth assignment of error are overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MELODY J. STEWART, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1