DECISION AND JUDGMENT
{¶ 1} This is an appeal as of right brought by the state of Ohio pursuant to R.C. 2945.67 from an order of the Lucas County Court of Common Pleas granting appellee's motion to dismiss all or part of the indictment brought against him. For the following reasons, the judgment of the trial court is reversed. *Page 2 
 {¶ 2} On August 30, 2007, appellee Christopher Duszynski was indicted on one count of attempted gross sexual imposition in violation of R.C. 2923.02 and 2907.05(A)(4) and two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). On May 13, 2008, in response to the Ohio Supreme Court's decision in State v. Colon ("Colon I"),118 Ohio St.3d 26, 2008-Ohio-1624, the state again presented the case to a grand jury for the same offenses. On that date, a new indictment was handed down with the mens rea "knowingly" inserted into the language of Counts 2 and 3, gross sexual imposition. (The language of Count 1, attempted gross sexual imposition, remained the same.) On June 5, 2008, apparently unaware of the revised indictment, Duszynski filed a motion to dismiss the original indictment, alleging that it was defective for failing to specify that the applicable mental state for the offense of gross sexual imposition is "purposely."
 {¶ 3} On June 9, 2008, Duszynski was arraigned on the new charges and the state entered a nolle prosequi as to the original indictment. Duszynski then orally moved the trial court to dismiss Counts 2 and 3 of the new indictment, asserting that the indictment was defective due to the inclusion of the mens rea "knowingly" rather than "purposely." The trial court granted the motion and dismissed Counts 2 and 3 of the new indictment. It also dismissed Counts 2 and 3 of the original indictment. The state, wanting to try all three charges together, then requested that Counts 1 in both indictments also be nolled. The state then asked the trial court to set forth its findings of fact and reasons for dismissing the second and third counts of the indictments. In a nunc pro tunc order filed June 16, 2008, the trial court stated that the revised indictment for gross sexual imposition *Page 3 
should have set forth a mens rea of "purposefully," pursuant to the holdings of State v. Mundy (1994), 99 Ohio App.3d 275, and Colon I, supra. The trial court added that, in the alternative, the state should have specified a default mens rea of "recklessness."
 {¶ 4} The state of Ohio sets forth the following as its sole assignment of error:
 {¶ 5} "The trial court erred in dismissing the counts of the indictment charging violations of R.C. 2907.05(A)(4)."
 {¶ 6} The state inserted the mens rea element of "knowingly" in Counts 2 and 3 of the revised indictment in an attempt to comply with the Ohio Supreme Court's decision in Colon I, which held that the failure of the state in that case to charge the default mens rea of "recklessness" rendered the defendant's robbery indictment defective. Subsequently, however, the Supreme Court clarified Colon I, holding that its ruling therein was limited to the unique facts of that case. State v. Colon("Colon I"), 119 Ohio St.3d 204, 2008-Ohio-3749. The trial court in this case relied on Colon I in support of its finding that the revised indictment for gross sexual imposition should have set forth a mens rea of "purposely" or, in the alternative, a default mens rea of "recklessness." However, since Colon II was decided, this court has held that Colon I does not apply to any indictment other than one alleging robbery in violation of R.C. 2911.02(A)(2). See, e.g., State v.Walker, 6th Dist. No. L-07-1156, 2008-Ohio-4614, ¶ 72. Colon I is inapplicable herein as Duszynski was not indicted for the offense of robbery in violation of R.C. 2911.01(A)(2), the statute construed by theColon I court. *Page 4 
 {¶ 7} Further, Ohio courts have held that gross sexual imposition involving a victim under the age of 13, in violation of R.C. 2907.05(A)(4), is a strict liability offense and requires no precise culpable state of mind. All that is required is a showing of the proscribed sexual contact. State v. Dunlap, 8th Dist. No. 91165,2009-Ohio-134; State v. Aiken (June 10, 1993), 8th Dist. No. 64627;State v. Laws (Dec. 22, 1998), 10th Dist. No. 98AP-306. The Ohio Supreme Court has expressly stated that the mens rea element need not be included in an indictment charging a strict liability offense. State v.Lozier, 101 Ohio St.3d 161, 2004-Ohio-732, ¶ 18. Accordingly, for the reasons set forth above, we find that the trial court erred by dismissing the indictment charging Duszynski with gross sexual imposition. Appellant state of Ohio's sole assignment of error is found well-taken.
 {¶ 8} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision. Costs of this appeal are assessed to appellee pursuant to App. R. 24.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 5 
Peter M. Handwork, J., Mark L. Pietrykowski, J., Thomas J. Osowik, J., concur. *Page 1