[Cite as *State v. Jay*, 2012-Ohio-914.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 91827**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JEFFREY JAY

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-506937

**BEFORE:** Celebrezze, J., Blackmon, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** March 8, 2012

**ATTORNEY FOR APPELLANT**

Jeffrey Jay, pro se
4196 Plymouth Road
Cleveland, Ohio   44109


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    T. Alan Regas
          Lisa Williamson
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** This cause is before us on remand from the Ohio Supreme Court for application of *State v. Dunlap*, 129 Ohio St.3d 461, 2011-Ohio-4111, 953 N.E.2d 816 ("*Dunlap II*").

**{¶2}** Appellant, Jeffrey Jay, was tried and convicted of gross sexual imposition of a child under 13, in violation of R.C. 2907.05(A)(4), and child endangerment, in violation of R.C. 2919.22(A). An appeal was taken to this court. *State v. Jay*, 8th Dist. No. 91827, 2009-Ohio-4364, 2009 WL 2624989 ("*Jay I*"). We affirmed appellant's convictions and held that gross sexual imposition of a child under age 13 is a strict liability offense, relying on *State v. Dunlap*, 8th Dist. No. 91165, 2009-Ohio-134, 2009 WL 97813 ("*Dunlap I*"). *Jay I* at ¶ 14.

**{¶3}** Appellant sought review by the Ohio Supreme Court. The court accepted appeal on Propositions of Law No. I ("the trial court erred when it failed to grant appellant's motion for judgment of acquittal as to the offenses of gross sexual imposition and endangering children") and No. II ("the trial court committed plain error when it fail [sic] to instruct the jury on [the] element of purpose relative to offense of gross sexual imposition, and thus denied appellant due process and fair trial").

**{¶4}** The Ohio Supreme Court held in *Dunlap II* that only the age of the victim is a strict liability element of R.C. 2907.05(A)(4). *Id.* at ¶ 14. The sexual-contact element

of the statute requires purposeful action. *Id.* at ¶ 23. The Ohio Supreme Court remanded the case to this court for application of *Dunlap II*.

{¶5} Gross sexual imposition, as it relates to this case, prohibits "sexual contact with another, not the spouse of the offender * * * [when] [t]he other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person." R.C. 2907.05(A)(4).

{¶6} Sexual contact is defined in R.C. 2907.01(B) to mean "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

{¶7} Purpose is defined in R.C. 2901.22(A) as actions with "specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

{¶8} One's purpose may be inferred from actions, and the "the trier of fact 'may infer what the defendant's motivation was in making the physical contact with the victim' by considering 'the type, nature and circumstances of the contact, along with the personality of the defendant.'" *State v. Salinas,* 10th Dist. No. 09AP-1201, 2010-Ohio-4738, 2010 WL 3820597, ¶ 30, quoting *State v. Cobb*, 81 Ohio App.3d 179, 185, 610 N.E.2d 1009 (9th Dist. 1991).

{¶9} Here, appellant admitted stroking his son's penis, causing it to become erect. That is direct evidence of a touching of an erogenous zone for the purpose of sexually arousing the victim. As the concurring and dissenting opinion pointed out in *Jay I*:

> [T]he type of sexual contact appellant engaged in is so abhorrent to most persons that it could be inferred that appellant acted for purposes of sexual gratification. Although it appears that appellant's actions toward his toddler son were not undertaken to sexually gratify himself, a reasonable trier of fact could find that his aberrant conduct was, at some level, committed to sexually arouse his son — even if done in a playful manner. Certainly, his admission of masturbating the child's penis suggests a kind of depravity that could only be sexual in nature. The jury could rationally find that appellant's actions went beyond puerile fun. *Id*. at ¶ 40 (Stewart, J., concurring in part and dissenting in part).

{¶10} There is evidence in the record that appellant touched his three-year-old son's penis until it became erect. This indicates action with a purpose to sexually arouse the young boy. Therefore, appellant's conviction for gross sexual imposition is supported by sufficient evidence.

{¶11} Further, the jury instructions given contained the definition of sexual contact as set forth in R.C. 2907.01(B), including "for the purpose of sexually arousing or gratifying either person." These instructions were not given in error. *State v. Scott*, 8th Dist. No. 91890, 2011-Ohio-6255, 2011 WL 6150058, ¶ 6 ("the jury was instructed on the element of sexual contact and provided the definition set forth in R.C. 2907.01(B). Consistent with *Dunlap*, the indictment herein was not defective, the jury was properly instructed, and the trial court did not err.").

{¶12} Also, appellant failed to object to these instructions, waiving all but plain error. Plain error does not exist unless the appellant establishes that the outcome of the

trial clearly would have been different but for the trial court's allegedly improper actions. *State v. Waddell*, 75 Ohio St.3d 163, 166, 661 N.E.2d 1043 (1996). A specific instruction defining purpose would likely have made no difference given appellant's admitted actions in this case.

{¶13} Consistent with our holding herein, we modify our prior opinion. The judgment of the trial court remains affirmed.

{¶14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA A. BLACKMON, A.J., CONCURS;
MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY