[Cite as *State v. Persinger*, 2014-Ohio-4125.]

STATE OF OHIO )  IN THE COURT OF APPEALS
)ss:  NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

STATE OF OHIO  C.A. No. 13CA010397

    Appellee

    v.  APPEAL FROM JUDGMENT
ENTERED IN THE
DAVID J. PERSINGER  COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
    Appellant  CASE No. 12CR085946

DECISION AND JOURNAL ENTRY

Dated: September 22, 2014

---

MOORE, Judge.

{¶1} Defendant, David Persinger, appeals from his conviction in the Lorain County Court of Common Pleas. We affirm.

I.

{¶2} In 2012, the Lorain County Grand Jury indicted Mr. Persinger on one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree. This charge stemmed from an alleged incident between Mr. Persinger and his then eight-year-old step-granddaughter, N.O. Mr. Persinger pleaded not guilty to the charge, and the case proceeded to jury trial. The jury found Mr. Persinger guilty, and, in an entry dated April 11, 2013, the trial court sentenced Mr. Persinger to two years of incarceration. Mr. Persinger timely appealed, and he now presents two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

[MR.] PERSINGER'S CONVICTION FOR GROSS SEXUAL IMPOSITION WAS SUPPORTED BY INSUFFICIENT EVIDENCE IN VIOLATION OF [HIS] RIGHT TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION.

{¶3} In his first assignment of error, Mr. Persinger argues that his conviction was not supported by sufficient evidence. We disagree.

{¶4} The issue of whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production. *Id.* at 390 (Cook, J. concurring). In making this determination, an appellate court must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶5} Mr. Persinger was convicted of gross sexual imposition in violation of R.C. 2907.05(A)(4) which provides:

> No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when * * * [t]he other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person.

R.C. 2907.01(B) defines "sexual contact" as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." A person's purpose or intention may be proven through direct or circumstantial evidence. "[I]n the absence of direct testimony regarding sexual arousal or gratification, the trier of fact may infer a purpose of sexual arousal or gratification from the 'type, nature and circumstances of the contact, along with the personality of the defendant.'" *State v. Edwards*, 9th Dist. Lorain No. 12CA010274, 2013-Ohio-3068, ¶ 10, quoting *State v. Antoline*, 9th Dist. Lorain No. 02CA008100, 2003-Ohio-1130, ¶ 64, quoting *State v. Cobb*, 81 Ohio App.3d 179, 185 (9th Dist.1991).

{¶6} Here, at trial, the State presented the testimony of N.O. and her mother. N.O. testified that she was nine-and-a-half years old at the time of trial in March of 2013. N.O. identified Mr. Persinger as her stepfather's father. N.O. recalled that, on what she believed was a summer evening in 2011 or 2012, she and her two younger siblings spent the night at the home of Mr. Persinger and his wife. That night, she was sitting on Mr. Persinger's lap in a chair, while they watched a movie in the unlit living room. Mr. Persinger's wife and N.O.'s sister were also watching the movie, and were seated on the couch. N.O.'s younger brother was sleeping. At some point, Mr. Persinger began to rub N.O.'s "pee pee" with his bare hand under her clothing. During her testimony, N.O. marked an X on the vaginal area of a female diagram to indicate where Mr. Persinger had rubbed her. This diagram was admitted into evidence. Further, N.O. identified a diagram that she had looked at with a detective, and she identified a circle she had drawn around the vaginal area of a female diagram, indicating where Mr. Persinger had touched her. N.O. could not recall how long the touching lasted, but stated that it had stopped when N.O. got out of the chair. N.O. maintained that she did not tell anyone afterward because she did not

know whether what had occurred was bad. Eventually, N.O. did speak to her mother about the incident. However, N.O. was nervous when speaking with her mother, and so she wrote on a piece of paper, "He did touch my pe pe[.]" N.O. identified this piece of paper, which was admitted into evidence as the State's Exhibit 2. N.O. clarified that "[h]e" referred to Mr. Persinger.

{¶7} N.O.'s mother testified that Mr. Persinger is N.O.'s step-grandfather. N.O. has spent the night at Mr. Persinger's house without her parents a total of three times. The time that N.O. spent the night at Mr. Persinger's house with both of her siblings was August 12-14, 2011, when she attended a festival with Mr. Persinger's wife. N.O. would have been eight years old in August of 2011. In November of 2011, N.O.'s mother learned that something had happened with Mr. Persinger that caused her concern, and she felt it was necessary to talk to her daughters. She asked N.O. if she was ever touched inappropriately by Mr. Persinger, and N.O. became very quiet and sad, and she put her head down in a pillow and started to cry. When N.O. failed to answer, her mother asked her to write her answer on a piece of paper, which she did, and N.O.'s mother verified that Exhibit 2 was the paper containing her response that Mr. Persinger had touched her vaginal area. N.O.'s mother then called the police.

{¶8} Mr. Persinger maintains that the above evidence is insufficient to support his conviction because N.O. could not recall details of the incident, specifically when the incident occurred and because the State failed to produce evidence that the purported touching was for the purpose of sexual arousal or gratification. We will limit our discussion of the sufficiency of the evidence accordingly.

{¶9} As to the evidence of when the incident occurred, N.O. maintained that the incident occurred when she was spending the night with her brother and sister at Mr. Persinger's

house, and she believed it was summertime. Her mother testified that N.O. spent the night at Mr. Persinger's house only three times, and the time her brother was also present was over the weekend of August 12-14, 2011, when N.O. was eight years old. When viewed in a light most favorable to the State, the evidence was sufficient to establish that the incident had occurred, and specifically that it had occurred in August of 2011, when N.O. was eight years old.

{¶10} Next, as to the purpose of sexual arousal or gratification, although there was no direct testimony regarding sexual arousal or gratification, N.O. testified that Mr. Persinger rubbed N.O.'s vaginal area underneath her clothing with his hand while they were in a darkly lit room and while the other individuals present were focused on a movie. The evidence of the type and circumstances of the contact, when viewed in the light most favorable to the State, is sufficient to infer the purpose of sexual arousal or gratification. *See Edwards*, 2013-Ohio-3068, at ¶ 10.

{¶11} Accordingly, Mr. Persinger's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

[MR.] PERSINGER'S CONVICTION FOR GROSS SEXUAL IMPOSITION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN VIOLATION OF [HIS] RIGHT TO DUE PROCESS OF LAW UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION.

{¶12} In his second assignment of error, Mr. Persinger argues that his conviction was against the manifest weight of the evidence. We disagree.

{¶13} When a defendant asserts that his conviction is against the manifest weight of the evidence:

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way

and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). In making this determination, this Court is mindful that "[e]valuating the evidence and assessing credibility are primarily for the trier of fact." *State v. Shue*, 97 Ohio App.3d 459, 466 (9th Dist.1994), citing *Ostendorf-Morris Co. v. Slyman*, 6 Ohio App.3d 46, 47 (8th Dist.1982) and *Crull v. Maple Park Body Shop*, 36 Ohio App.3d 153, 154 (12th Dist.1987).

{¶14} Here, the defense called Kevin Smith, Mr. Persinger's adult stepson, to testify. Mr. Smith testified that he and his son had visited Mr. Persinger's house on the weekend of August 12-14, 2011, when N.O. and her siblings were visiting. That evening, they watched a movie. Mr. Persinger was seated in a recliner, and N.O. was sitting on the "armchair" of the couch, and Mr. Persinger had his arm wrapped around her. Mr. Smith, his mother, and N.O.'s younger sister were seated on the couch, but N.O.'s younger sister alternated between sitting on the couch and sitting on Mr. Persinger's lap. Mr. Smith maintained that he did not then witness, nor has he ever witnessed, Mr. Persinger display any inappropriate behavior toward N.O.

{¶15} Mr. Persinger maintains that his conviction was against the weight of the evidence because N.O. expressed uncertainty in her testimony, because she could not recall when the incident occurred. Further, Mr. Persinger maintains that the testimony of N.O. and her mother pertaining to their conversation about the incident were inconsistent, because they had differing recollections as to who obtained the piece of paper on which N.O. wrote and in which room of their home the conversation took place. Lastly, Mr. Persinger maintains that N.O.'s testimony is inconsistent with the testimony of Mr. Smith.

{¶16} First, although N.O. was unsure as to certain details surrounding the incident, including when it occurred, she clearly testified that Mr. Persinger rubbed her vaginal area while

she was sitting on his lap, watching a movie at his home, and that she was under the age of thirteen at that time. This Court has held that the jury "has the right to place considerable weight on the testimony of the victim." *State v. Felder*, 9th Dist. Lorain No. 91CA005230, 1992 WL 181016, *1 (July 29, 1992).

{¶17}  Further, although there were disparities in the testimony of N.O. and her mother pertaining to the details of their conversation, the jury was "free to believe all, part, or none of the testimony of each witness." *Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶ 35, citing *State v. Jackson*, 86 Ohio App.3d 29, 33 (4th Dist.1993). In addition, the conflicting details as to the conversation between N.O. and her mother do not speak to any elements of the offense, and we cannot agree that these inconsistencies are of such significance as to call into question the remainder of their testimony.

{¶18}  Lastly, the testimony of Mr. Smith pertaining to the night at issue appears to corroborate the surrounding circumstances of the incident as relayed by N.O., except as to Mr. Smith's and his son's presence at the home, and the seating position of N.O. Although Mr. Smith did not witness any inappropriate behavior on the part of Mr. Persinger, Mr. Smith acknowledged that he was watching the movie, and not watching Mr. Persinger's actions. In any event, to the extent that the testimony of Mr. Smith and N.O. conflict, it was within the province of the jury to reconcile the inconsistencies. *See Prince* at ¶ 35. This is because the jury is best able to judge the credibility of witnesses because it is present to "view witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *State v. Cook*, 9th Dist. Summit No. 21185, 2003-Ohio-727, ¶ 30, quoting *Giurbino v. Giurbino*, 89 Ohio App.3d 646, 659 (8th Dist.1993). "A

conviction is not against the manifest weight because the jury chose to credit the State's version of events." *See State v. Peasley*, 9th Dist. Summit No. 25062, 2010-Ohio-4333, ¶ 18.

{¶19} Based upon the foregoing, we conclude that this is not the exceptional case where the jury created a manifest miscarriage of justice in finding Mr. Persinger guilty of gross sexual imposition. Accordingly, Mr. Persinger's second assignment of error is overruled.

### III.

{¶20} Mr. Persinger's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

VALERIE KUNZE, Assistant State Public Defender, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.