[Cite as *State v. Sanford*, 2023-Ohio-4820.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 2023CA0040-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KYLE G. SANFORD | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 22CR0726 |

DECISION AND JOURNAL ENTRY

Dated: December 29, 2023

SUTTON, Presiding Judge.

{¶1} Defendant-Appellant Kyle Sanford appeals the judgment of the Medina County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} This appeal arises from an incident involving Mr. Sanford, a healthcare aide, and M.C., a developmentally disabled adult. Mr. Sanford picked M.C. up from his home, where he lived with family members, and took M.C. to his private residence for dinner and a movie. While at Mr. Sanford's residence, M.C. became upset when Mr. Sanford touched his penis over his clothing. Mr. Sanford drove M.C. home, and M.C. told his grandmother what had happened. The next day, M.C. brought a knife to work in case Mr. Sanford showed up and told one of his supervisors what happened the prior day with Mr. Sanford.[1] The supervisor called the Wadsworth

---

[1] M.C. met Mr. Sanford for the first time at his place of employment.

Police who came to M.C.'s job, and M.C. reported the incident to the police. The police also interviewed Mr. Sanford.

{¶3}   Mr. Sanford was charged with one count of gross sexual imposition, in violation of R.C. 2907.05(A)(5), a felony of the fourth degree.   Mr. Sanford pleaded not guilty and the matter proceeded to a jury trial. The jury returned a guilty verdict. The trial court sentenced Mr. Sanford to five years community control, with 180 days incarceration in the Medina County Jail. Mr. Sanford must also register as a Tier 1 sex offender.

{¶4}   Mr. Sanford now appeals raising two assignments of error for our review.   To facilitate our discussion, we reorder Mr. Sanford's assignments of error.

II.

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED AS A MATTER OF LAW BECAUSE THE STATE FAILED TO ESTABLISH ON THE RECORD SUFFICIENT EVIDENCE TO SUPPORT THE CHARGES LEVIED AGAINST MR. SANFORD IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.**

{¶5}   In his second assignment of error, Mr. Sanford argues his conviction for gross sexual imposition is not supported by sufficient evidence. Specifically, Mr. Sanford argues the State failed to prove Mr. Sanford touched M.C. for the purpose of sexual arousal or gratification of either person.

{¶6}   "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this

Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶7} Pursuant to R.C. 2907.05(A)(5):

No person shall have sexual contact with another, not the spouse of the offender * * * when any of the following applies:

* * *

The ability of the other person to resist or consent or the ability of one of the other persons to resist or consent is substantially impaired because of a mental or physical condition * * * , and the offender knows or has reasonable cause to believe that the ability to resist or consent of the other person * * * is substantially impaired because of a mental or physical condition[.]

According to R.C. 2907.01(B):

"Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.

"A person's purpose or intention may be proven through direct or circumstantial evidence." *State v. Persinger*, 9th Dist. Lorian No. 13CA010397, 2014-Ohio-4125, ¶ 5. "[I]n the absence of direct testimony regarding sexual arousal or gratification, the trier of fact may infer a purpose of sexual arousal or gratification from the 'type, nature and circumstances of the contact, along with the personality of the defendant.'" *State v. Edwards*, 9th Dist. Lorain No. 12CA010274, 2013-Ohio-3068, ¶ 10, quoting *State v. Antoline*, 9th Dist. Lorain No. 02CA008100, 2003-Ohio-1130, ¶ 64, quoting *State v. Cobb*, 81 Ohio App.3d 179, 185 (9th Dist.1991).

{¶8} Here, M.C. testified Mr. Sanford touched his penis stating:

[W]e went to his house to watch the *Spider-Man* movie or whatever kind of movie that he put in * * * on his TV. * * * He fed me and gave me a couple cans of his pop, and I told him no. * * * But I ate his food though. * * * He slid over like that (demonstrating). * * * But I didn't know what he was going to do after that. * * * He didn't put his fingers all the way down in there, he just went like that. * * * Just kept on feeling it like that, like this (demonstrating). * * * [He] [p]ut his [] finger all over it, man, with his fingers. * * * I wish I could have trusted him, man. He was my big brother, dude. * * * That's why probably [] he won't look at me, because he knows. * * * He knows what he done.

(Emphasis in original.)

{¶9} Additionally, James Allenby, a detective with the Wadsworth Police Department, testified that after he went over what Mr. Sanford was accused of, Mr. Sanford's "demeanor and emotions kind of were a bit of a roller coaster ride. At points he was crying, at points he was kind of screaming at me, and at points he was joking and kind of laughing as well."

{¶10} After viewing the evidence contained in the record in a light most favorable to the State, we conclude the State presented sufficient evidence, if believed, that Mr. Sanford committed the offense of gross sexual imposition. We further conclude that any rational trier of fact could have found all of the essential elements of gross sexual imposition proven beyond a reasonable doubt. Although there was no direct testimony regarding sexual arousal or gratification, M.C. testified Mr. Sanford took him to Mr. Sanford's residence and touched his penis by feeling it over his clothing and putting his "finger all over it[.]" Further, Detective Allenby testified about Mr. Sanford's personality and mood swings during his police interview. M.C. also testified Mr. Sanford would not look at him because "[h]e knows what he done." The evidence of the type and circumstances of the sexual contact, when viewed in the light most favorable to the State, is sufficient to infer the purpose of sexual arousal or gratification. *See Persinger*, 2014-Ohio-4125, at ¶ 10.

{¶11} Accordingly, Mr. Sanford's second assignment of error is overruled.

**ASSIGNMENT OF ERROR I**

**MR. SANFORD'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE [] IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTIONS 1, 10, & 16 OF THE OHIO CONSTITUTION.**

**{¶12}** In his first assignment of error, Mr. Sanford argues his conviction for gross sexual imposition was against the manifest weight of the evidence. Specifically, Mr. Sanford argues: (1) M.C. gave conflicting "demonstrations" of the manner in which the alleged touching occurred, (2) the evidence does not "demonstrate" there was any sexual arousal or gratification, and (3) the evidence does not support M.C. is substantially impaired.

**{¶13}** As this Court has previously stated:

[i]n determining whether a criminal conviction is against the manifest weight of the evidence an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Thompkins*, 78 Ohio St.3d at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

**{¶14}** Moreover, an appellate court should exercise the power to reverse a judgment as against the manifest weight of the evidence only in exceptional cases. *Otten* at 340. "[W]e are mindful that the [trier of fact] is free to believe all, part, or none of the testimony of each witness." (Internal quotations and citations omitted.) *State v. Gannon*, 9th Dist. Medina No. 19CA0053-M, 2020-Ohio-3075, ¶ 20. "This Court will not overturn a conviction on a manifest weight challenge

only because the [trier of fact] found the testimony of certain witnesses to be credible." *Id*. "The [jury] is best able to view witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." (Alteration sic.) *State v. Cook*, 9th Dist. Summit No. 21185, 2003-Ohio-727, ¶ 30, quoting *Giurbino v. Giurbino*, 89 Ohio App.3d 646, 659 (8th Dist.1993). Indeed, "the jury is free to believe all, part, or none of the testimony of each witness." *Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶ 35.

**{¶15}** Here, the jury saw M.C. demonstrate, both on direct and cross-examination, how and where Mr. Sanford touched him, and M.C.'s testimony remained consistent that Mr. Sanford touched his penis. Further, as to sexual arousal or gratification, the jury heard M.C.'s testimony that Mr. Sanford felt his penis and put his "finger all over it[.]" The jury also heard testimony from Detective Allenby that Mr. Sanford's story changed from never going near M.C. on the couch to possibly brushing up against M.C.'s leg when he handed M.C. a dish of pasta, and Mr. Sanford's emotions were greatly fluctuating during a police interview. Detective Allenby also indicated Mr. Sanford's explanation regarding the dish of pasta did not make sense because, according to Mr. Sanford, he handed M.C. the dish of pasta and did not place the dish on M.C.'s lap. The jury could also see Mr. Sanford's demeanor in the court room, and M.C. indicated Mr. Sandford would not look at him.

**{¶16}** Moreover, as to whether or not M.C. is substantially impaired, the jury witnessed M.C. testify first hand and also heard the testimony of M.C.'s father and grandmother. M.C. was not able to spell his last name, could not remember how old he was, and did not know the year he was born. M.C.'s father testified M.C. has a disability since birth and "has a mind between a two- to a six-year old." As a result, M.C.'s father explained M.C. receives services through Medina

County Board of Developmental Disabilities. M.C.'s grandmother testified M.C. does not know how to read or write, other than he can write his first name. M.C.'s grandmother also testified they have a "piece of paper at home that says [M.C.] is severely handicapped." M.C.'s grandmother stated M.C. "gets very confused." *See State v. Daniels*, 9th Dist. Summit No. 25808, 2011-Ohio-6414, ¶ 6 ("[A] substantial impairment may be proven by the victim's own testimony, allowing the trier of fact to observe and evaluate the victim's ability to perceive the nature of or to control [his] conduct, and by the testimony of others who have interacted with the victim.").

{¶17} Based upon this record, this is not an exceptional case that warrants reversal. The jury, as factfinder, was tasked with determining the credibility of the witness' testimony and evidence in reaching its verdict. As such, the jury did not clearly lose its way and create such a manifest miscarriage of justice that Mr. Sanford's conviction must be reversed and a new trial ordered.

{¶18} Accordingly, Mr. Sanford's first assignment of error is overruled.

III.

{¶19} For the foregoing reasons, Mr. Sanford's two assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

BETTY SUTTON
FOR THE COURT

CARR, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

PAUL M. GRANT, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEPHANIE ZARANEC, Assistant Prosecuting Attorney, for Appellee.