[Cite as *State v. Owen*, 2025-Ohio-1174.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

RAYMOND OWEN

    Appellant

C.A. No.     31174

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.     23CRB08735

DECISION AND JOURNAL ENTRY

Dated: April 2, 2025

---

HENSAL, Judge.

**{¶1}** Raymond Owen appeals his conviction in the Akron Municipal Court. This Court affirms.

I.

**{¶2}** Mr. Owen arrived at a bar in Akron around 1:00 a.m. He was familiar with the female bartender, as he had been a customer there for several years. While Mr. Owen stood at the bar and spoke with another customer, the bartender began vacuuming. She vacuumed in front of the bar and made her way past Mr. Owen. As she did so, Mr. Owen's right hand brushed her left breast. The bartender reacted by saying, "Easy, easy." Mr. Owen then extended his right arm toward her and around her back. The bartender, believing Mr. Owen meant to apologize for accidental contact, brought her left arm around his back as if to engage in a side hug. Mr. Owen then turned in and used his left hand to grab her right breast. According to the bartender, Mr. Owen said, "I'll go easy on those ti**ies alright."

{¶3} The bartender grabbed Mr. Owen's wrist and attempted to shove him away as he held her from behind. It was her testimony that, when she asserted herself, Mr. Owen began to berate her. She quickly freed herself and moved away.

{¶4} The bartender contacted her boss and asked for a copy of the security footage from the bar. In the morning, she contacted the police to report the incident. An officer came to her apartment, spoke with her, and watched the security footage. After doing so, the officer filed charges against Mr. Owen.

{¶5} Mr. Owen was charged with sexual imposition in violation of Akron City Code 133.03. A trial ensued, and the jury found him guilty. The trial court sentenced him to time served and one year of probation. It also classified him as a tier I sex offender.

{¶6} Mr. Owen appeals from the trial court's judgment and assigns four errors for review.

II.

ASSIGNMENT OF ERROR I

THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO PROVE EACH AND EVERY ELEMENT OF THE OFFENSE BEYOND A REASONABLE DOUBT.

{¶7} In his first assignment of error, Mr. Owen argues his conviction is based on insufficient evidence. Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In carrying out this review, our "function . . . is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution,

any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶8} Akron City Code 133.03(A)(1) forbids a person from having sexual contact with another, who is not his spouse, when he "knows that the sexual contact is offensive to the other person, or is reckless in that regard." Sexual contact occurs when a person touches the erogenous zone of another, "including . . . a breast, for the purpose of sexually arousing or gratifying either person." Akron City Code 133.01. "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." Akron City Code 130.08(A).

{¶9} "A person's purpose or intention may be proven through direct or circumstantial evidence." *State v. Persinger*, 2014-Ohio-4125, ¶ 5 (9th Dist.). "[I]n the absence of direct testimony regarding sexual arousal or gratification, the trier of fact may infer a purpose of sexual arousal or gratification from the 'type, nature and circumstances of the contact, along with the personality of the defendant.'" *State v. Antoline*, 2003-Ohio-1130, ¶ 64 (9th Dist.), quoting *State v. Cobb*, 81 Ohio App.3d 179, 185 (9th Dist. 1991).

{¶10} The bartender testified that she was familiar with Mr. Owen because he had been a customer at the bar for several years. She saw him arrive around 1:00 a.m. and served him a drink. She testified that she was focused on the task of vacuuming near the front of the bar when she felt a hand brush against her left breast. Startled, she looked in the direction of the hand and realized it was Mr. Owen's. The bartender testified that she said, "Easy, easy," and Mr. Owen reached toward her. She believed he meant to apologize for accidentally touching her, so she also reached toward him. The bartender's right hand remained on the vacuum while her left arm went around

Mr. Owen's back. Meanwhile, Mr. Owen extended his right arm along the bartender's back. As the bartender continued to turn her body into Mr. Owen, he used his left hand to grab her right breast. The bartender testified that Mr. Owen grabbed her breast "forcibly and it was painful." As he did so, he said, "I'll go easy on those ti**ies alright."

{¶11} The bartender testified that she immediately recoiled and grabbed Mr. Owen's left wrist to remove his hand. Although she tried to pull away from him, he held her in place with the arm he had around her back. She said that Mr. Owen initially tried to placate her and told her he was friendly. She responded by putting her finger in his face, telling him she did not consent to his touch, and demanding he remove his hands. At that point, the bartender testified, Mr. Owen laughed at her and began calling her names. When he released her, she immediately messaged her boss about the incident.

{¶12} The bartender testified that her boss sent her security footage from the bar the following morning. The State played a recording of the footage at trial. The recording did not have audio but showed the interaction between the bartender and Mr. Owen. It showed Mr. Owen's hand brush against the bartender's breast as she vacuumed. It showed her brief reaction to the touch before she and Mr. Owen reached toward one another. It showed the two begin to engage in a side hug before Mr. Owen used his other arm and hand to reach over and grab the bartender's breast. It showed the bartender immediately recoil before using her left hand to hold Mr. Owen's wrist and remove his hand from her breast. It showed Mr. Owen's right arm tighten around her back as she shoved at him, put a finger in his face, and pulled back. Finally, it showed Mr. Owen put both hands up defensively as he and the bartender exchanged words and she walked away.

{¶13} Mr. Owen argues his conviction is based on insufficient evidence because the State failed to prove that he touched the bartender's breast for the purpose of sexual arousal or gratification. He notes that the State failed to elicit any direct testimony on that point. Meanwhile, Mr. Owen argues that he clearly testified the touching was accidental and not for the purpose of sexual arousal or gratification. He argues that his testimony went unchallenged. Thus, Mr. Owen argues the State failed to prove the element of sexual arousal or gratification.

{¶14} Viewing the evidence in a light most favorable to the State, a rational trier of fact could have found that the State proved each element of Mr. Owen's conviction beyond a reasonable doubt. *See Jenks*, 61 Ohio St.3d 259 at paragraph two of the syllabus. The State produced evidence that he touched the bartender's breasts twice, with the second point of contact being a forceful, painful grab. There was testimony that, as he did so, Mr. Owen said he would "go easy on those ti**ies alright." The female breast is an erogenous zone. Akron City Code 133.01. Given Mr. Owen's conduct, his statement, and the surrounding circumstances, the jury reasonably could have inferred that he grabbed the bartender's breast for the purpose of sexual arousal or gratification. *See Antoline*, 2003-Ohio-1130, at ¶ 64 (9th Dist.), quoting *Cobb*, 81 Ohio App.3d at 185. To the extent he claims the touch was accidental, a sufficiency review does not test the credibility, believability, or persuasiveness of evidence. *See State v. Randle*, 2024-Ohio-2888, ¶ 18 (9th Dist.). It only tests the State's burden of production. *State v. Manes*, 2025-Ohio-35, ¶ 21 (9th Dist.). Mr. Owen has not shown that his conviction is based on insufficient evidence. Accordingly, his first assignment of error is overruled.

ASSIGNMENT OF ERROR II

APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶15} In his second assignment of error, Mr. Owen argues his conviction is against the manifest weight of the evidence. When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.).

{¶16} Mr. Owen argues the jury lost its way when it found that he touched the bartender's breast intentionally rather than accidentally. He testified that he was a fifty-one-year-old father of two who had never been accused of any inappropriate conduct. Before going to the bar that night, he had spent several hours playing the drums for his church. Mr. Owen agreed he had been a patron of the bar for a few years and was familiar with the bartender. He testified that he was talking to other patrons and pointing to an area to his right when he noticed the bartender vacuuming next to him. According to Mr. Owen, he greeted her with a verbal acknowledgment before extending his arm in greeting. He testified that they each put an arm around one another and leaned in for a hug. Mr. Owen claimed the angle was bad, so he unintentionally touched the bartender's right breast. He testified that he meant to put his left hand on her right shoulder. He testified that, when he inadvertently made contact with her breast, he immediately pulled back and apologized. He denied trying to hold onto her or calling her names.

{¶17} When shown the security footage and pressed on its contents, Mr. Owen admitted that it showed him squeezing the bartender's right breast. He also admitted that it showed the

bartender grab his wrist, take his hand away, and try to pull away from him as he held on. Mr. Owen insisted the breast squeeze was accidental and not for the purpose of sexual gratification or arousal.

{¶18} Having reviewed the record, we cannot say the jury lost its way and created a manifest miscarriage of justice when it convicted Mr. Owen. *See Otten*, 33 Ohio App.3d at 340. While Mr. Owen claimed his actions were not intentional, the bartender testified that he brushed her left breast, forcibly and painfully grabbed her right breast, held her to him, and made a lewd statement about her breasts. The jury also was able to see the interaction between the two on the recording from the bar's security footage. "This Court will not overturn a verdict on a manifest weight challenge simply because the jury chose to believe the State's version of the events." *State v. Harris*, 2024-Ohio-196, ¶ 19 (9th Dist.). "[T]he jury was in the best position to evaluate the credibility of the witnesses[,] and it was entitled to believe all, part, or none of the testimony of each witness." *State v. Shank*, 2013-Ohio-5368, ¶ 29 (9th Dist.). Mr. Owen has not shown that this is the exceptional case in which the evidence weighs heavily against the conviction. *See Otten* at 340. Accordingly, his second assignment of error is overruled.

ASSIGNMENT OF ERROR III

WITNESS TESTIMONY WAS IMPROPERLY ADMITTED, AS THE ENTIRE[T]Y OF [THE BARTENDER'S] DIRECT EXAMINATION OCCURRED WITHOUT THE ADMINISTRATION OF THE OATH.

{¶19} In his third assignment of error, Mr. Owen argues that trial court error occurred when the bartender testified on direct examination without being placed under oath. For the following reasons, we reject his argument.

{¶20} "It is well settled that, '[t]o demonstrate reversible error, an aggrieved party must demonstrate both error and resulting prejudice.'" (Alteration in original.) *State v. Austin*, 2017-

Ohio-7845, ¶ 30 (9th Dist.), quoting *Princess Kim, L.L.C. v. U.S. Bank, N.A.*, 2015-Ohio-4472, ¶ 18 (9th Dist.). "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A).

{¶21} The record reflects that the trial court failed to administer an oath to the bartender before she began testifying. When the State completed its direct examination, the following exchange occurred:

[THE COURT]: [Defense counsel].

[DEFENSE COUNSEL]: If I can have just one second.

[THE COURT]: Sure.

[THE PROSECUTOR]: Your Honor, can we have a side-bar quickly?

[THE COURT]: Quickly, yes.

(Thereupon, a side-bar discussion was had.)

[THE COURT]: Apparently, I forgot to swear you in as a witness . . . .

[THE BARTENDER]: Okay.

[THE COURT]: I'm going to do it now.

[THE BARTENDER]: Okay.

The trial court then administered the oath before the bartender testified on cross-examination.

{¶22} Mr. Owen argues that he is entitled to a new trial because the bartender gave unsworn testimony. He argues that he preserved the error for review by bringing it to the attention of the trial court.

{¶23} It is not clear from the record that Mr. Owen objected to the trial court's failure to swear in the bartender at the beginning of her testimony. *See In re G.D. and G.D.*, 2015-Ohio-4669, ¶ 38 (9th Dist.) (attorney must object to the admission of unsworn testimony to preserve the issue for appeal). No such objection appears in the transcript. Defense counsel requested "one

second" at the start of cross-examination but did not give any reason for the request. A request for a sidebar then came from the prosecutor, not defense counsel. Because the sidebar was not transcribed, there is no record of its contents. Mr. Owen has not shown that he preserved this issue for review. *State v. Anderson*, 1999 WL 393664, *4 (9th Dist. June 16, 1999) ("An appellant has the burden of demonstrating error on appeal"). Nor has he set forth a claim of plain error. *See State v. Alexander*, 2023-Ohio-3450, ¶ 14 (9th Dist.) (declining to construct and review a plain error argument on an appellant's behalf).

**{¶24}** Even assuming Mr. Owen has not forfeited his argument for review, he has not explained how he was prejudiced by the trial court's error. *See Austin*, 2017-Ohio-7845, at ¶ 30 (9th Dist.). The trial court administered the oath to the bartender before she testified on cross-examination. She then repeated the salient points of her testimony. She testified about the way Mr. Owen touched her, the way she reacted to his touch, and the lewd comment he made directly after grabbing her breast. Mr. Owen has not explained how the admission of her unsworn testimony on direct examination prejudiced him, given that she offered identical, sworn testimony on cross-examination. This Court will not construct an argument on his behalf. *See* App.R. 16(A)(7). As such, his third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

### APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

**{¶25}** In his fourth assignment of error, Mr. Owen argues that he received ineffective assistance of counsel because his attorney did not object to the admission of the recorded security footage at trial. At oral argument, however, appellate counsel agreed to withdraw this argument. Appellate counsel acknowledged that, prior to trial, the parties executed a written stipulation

regarding the admission of the recording. Because Mr. Owen has withdrawn his fourth assignment of error, we need not address it. *See State v. Harter*, 2022-Ohio-2714, ¶ 24 (9th Dist.).

## III.

**{¶26}** Mr. Owen's first, second, and third assignments of error are overruled. His fourth assignment of error has been withdrawn. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

FLAGG LANZINGER, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

CATHERINE MEEHAN, Attorney at Law, for Appellant.

DEBORAH S. MATZ, Director of Law, and JACQUENETTE S. CORGAN, Assistant Director of Law, for Appellee.